No. 720

SYLVANIA BUSSES, INC. v.
TOLEDO (City)

Ohio Appeals, 6th Dist., Lucas Co.

No. 1914.   Decided July 2, 1927.

**216. CERTIFICATES**—of Public Convenience—793a. Motor Transport—Certificates of convenience and necessity do not constitute franchise or contract nor do they convey any vested rights, or interest in use of public highways.
2. Repeal of statutes which authorize their issuance would operate as revocation thereof and such revocation would not impair the obligations of a contract.

Appeal from Common Pleas.

Petition dismissed.

**First Publication of this Opinion.**

LLOYD, J.

On March 21, 1924, certificates of convenience and necessity, were issued by the Public Utilities Commision of Ohio to Gloyd, Strable & Style and to E. C. McAtee respectively, to operate motor busses for the carriage of passengers from the corner of Maplewood and Main streets in Sylvania to the corner of Jackson and Superior streets in Toledo, upon certain public highways and streets designated therein. Pursuant to the authority thus granted, they operated motor busses upon the specified route until Nov. 17, 1925, when the Commission authorized the transfer by them of these certificates to the plaintiff, since which

time plaintiff has continuously operated its passenger motor busses over the route prescribed.

On Jan. 17, 1927, defendant enacted and adopted an ordinance which provides, in substance, that it shall be unlawful for anyone operating a motor bus over the streets of Toledo to carry a passenger for hire from one point to another, within the city limits, except where there is no Community Traction Company service, either bus or street car; that before any such bus may carry any passengers for hire from one point to another within the city of Toledo in territory where no Community Traction Co. service is given, a permit must first be secured from the city council by resolution duly adopted.

Plaintiff claims that since the certificates, under the authority of which it is operating its business, were secured prior to the amendment of 1925 of the General Code and were not expressly revoked thereby nor thereafter revoked by the Public Utilities Commission, these sections as amended do not qualify the right of plaintiff theretofore existing, to operate its busses upon the route therein designated and to carry passengers for hire from one point to another in Toledo, upon the streets included in its route.

Plaintiff seeks to enjoin defendant from in any way interfering with the operation of its busses or with the acceptance and carriage by it of passengers on that part of its route located in Toledo.

Secs. 614-84 and 614-86 GC., are a part of the motor transportation act, so-called, which was enacted in 1923 and amended in 1925. These sections of the General Code, as amended, do not substantially differ from the original enactment except that there has been added to Sec. 614-86 the following:

"Provided, further that no motor transportation company operating under a certificate of convenience and necessity, shall carry persons whose complete ride is wholly within the territorial limits of a municipal corporation, or within such limits and the territorial limits of municipal corporations immediately contiguous thereto, except with the consent of such municipal corporation or municipal corporations."

The certificates of convenience and necessity, pursuant to which plaintiff operates its busses, do not constitute a franchise or contract, nor do they convey to plaintiff any vested right or interest in the use of the public highways for the purposes permitted. The statutory provisions relating thereto do not authorize the issuance of certificates for motor bus transportation for any fixed period of time. In effect, they are licenses revocable by the Public Utilities Commission in the manner provided by statute. The repeal of the statutes which authorize their issuance would operate as a revocation thereof, and such revocation would not impair the obligations of a contract nor be a taking of property without due process of law.

If the legislature may revoke a license by the repeal of the statutes authorizing it, then the legislature may subsequently qualify the exercise of the right granted thereby. The

legislature intended and provided that this statute should relate to all of those then having or thereafter acquiring certificates licensing the operation of motor busses. The condition imposed affects all alike.

Petition dismissed.

(Richards and Williams, JJ., concur.)

Attorneys—Eldon H. Young for Sylvania Busses; F. M. Dotson, Dir. of Law for Toledo; all of Toledo.